IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

USDC - GREENBELT
'24 OCT 30 AM8:50

|  |  |  |
|---|---|---|
| WILLIAM RHODES, aka, WILLIAM ROSE, | ) | |
| Petitioner, | ) | Civil Action No.: 22-cv-2621-LKG |
| v. | ) | Dated: October 29, 2024 |
| WARDEN J. NINES, *et al.*, | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

Self-represented Petitioner William Rhodes aka William Rose filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 2012 convictions in the Circuit Court for Baltimore City, Maryland for first-degree murder and related offenses. ECF No. 1.[1]  On December 29, 2022, Respondents filed an Answer arguing that the Petition is time-barred under 28 U.S.C. § 2244(d). ECF No. 7.  Rhodes was advised of his opportunity to file a response (ECF No. 8), but has failed to do so. There is no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts and Local Rule 105.6 (D. Md. 2023); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)).  For the reasons that follow, the Petition is dismissed, and a certificate of appealability shall not issue.

## I.    BACKGROUND

On November 16, 2011, Rhodes was convicted by a jury of first-degree murder, conspiracy to commit murder, kidnapping, robbery, and other related offenses. ECF No. 7-1 at 5-151, 159, 335.  On January 17, 2012, the circuit court sentenced Rhodes to life in prison plus 65 years' incarceration. *Id*. at 5, 47, 82, 335. Rhodes noted an appeal to the Court of

---

[1] Citations refer to the pagination assigned by the Court's Case Management and Electronic Case Files system.

Special Appeals of Maryland (now known as the Appellate Court of Maryland) on January 26, 2012. *Id*. at 14, 154-252.

The Court of Special Appeals of Maryland vacated Rhodes's sentences for conspiracy to commit kidnapping and conspiracy to commit armed robbery but otherwise affirmed Rhodes's judgments of conviction. *Id*. at 334-90. The court's mandate issued on May 27, 2014. *Id*. at 391.

Rhodes's timely petition for certiorari in the Court of Appeals of Maryland (now known as the Supreme Court of Maryland) was denied on August 28, 2014. ECF No. 7-1 at 392-406, 422.

Rhodes filed a petition for writ of certiorari in the United States Supreme Court on November 12, 2014, which was denied on March 2, 2015. *Id*. at 423-39, 442.

On April 6, 2015, Rhodes filed a motion to correct illegal sentence which was denied on May 19, 2015. ECF No. 7- 1 at 16-17. Rhodes filed an appeal to the Court of Special Appeals, which was dismissed on November 6, 2015, due to Rhodes's failure to file an appellate brief. ECF No. 7-1 at 18. The court's mandate issued on December 8, 2015. *Id*. at 18.

On January 22, 2016, Rhodes filed a petition for postconviction relief in state circuit court. ECF No. 7-1 at 18. The State filed an answer. On August 1, 2017, the court granted Rhodes's motion to withdraw the petition without prejudice. *Id*. at 20.

Rhodes did not file anything else until he filed a self-represented petition for post-conviction relief in the Circuit Court for Baltimore City on March 3, 2021. *Id*. at 21. The state responded to the petition on June 17, 2021. *Id*. at 22. Rhodes, through counsel, filed a supplement to the petition on September 17, 2021. *Id*. The State filed an opposition response. *Id*. at 22-23. On January 14, 2022, the court held a hearing on the petition as supplemented. *Id*. at 24. On February 2, 2022, the postconviction court denied Rhodes's petition for postconviction relief. *Id*.

On February 20, 2022, Rhodes filed an application for leave to appeal with the Court of Special Appeals. *Id*. at 24, 445-49. The Court of Special Appeals denied the application on September 30, 2022; its mandate issued on November 3, 2022. *Id*. at 450-52.

On October 3, 2023, Rhodes filed his Petition in this Court. *See* ECF No. 1 at 6; *Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's submission is deemed to have been filed on the date it was deposited in the prison mailing system).

Rhodes asserts four grounds for habeas relief. ECF No. 1 at 5. First, he claims that there was a failure to advise him that he could waive his right to a jury trial. *Id.* Second, Rhodes contends that trial counsel failed to challenge, through a motion to suppress, the warrantless use of a secret device to locate the target phone. *Id.* Third, Rhodes claims that trial counsel failed to object to the admission of the direct connect calls. *Id. Lastly*, Rhodes claims that cumulative errors resulted in an unfair trial. *Id.*

## II.    DISCUSSION

The threshold issue in this case is the timeliness of the Petition. Only if the Petition is timely may the Court reach the merits of Rhodes's claims.

A one-year statute of limitations applies to habeas petitions in non-capital cases for persons convicted in state court. *See* 28 U.S.C. § 2244(d)(1); *Wall v. Kholi*, 562 U.S. 545, 550 (2011). Section 2244(d)(1) provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Pursuant to § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The limitation period may also be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).

Here, Rhodes's conviction became final for direct review purposes on March 2, 2015, when the United States Supreme Court denied his petition for writ of certiorari. The one-year federal limitations period began to run the following day and ran until April 6, 2015, when it was tolled upon Rhodes filing his Motion to Correct Illegal Sentence. That motion was finally resolved on December 8, 2015, when the Court of Special Appeals' mandate issued. The statute was tolled again on January 22, 2016, when Rhodes filed his initial petition for postconviction relief. The statute of limitations remained tolled until August 1, 2017, when Rhodes's motion to withdraw the petition was granted. The limitations period began to run again on that date and expired well before Rhodes filed anything else. Indeed, Rhodes did not file his petition for postconviction relief until March 3, 2021, more than three years after the expiration of the one-year federal limitations period. As such, his federal habeas Petition is time-barred under 28 U.S.C. § 2244(d).

After being directed to state why his Petition should not be dismissed as time-barred, Rhodes fails to provide any arguments. Nothing in the record suggests that he is entitled to a later date for calculating the statute of limitation under § 2244. Nor is there any indication in the record that Rhodes is entitled to equitable tolling as he has not shown either that there was wrongful conduct by Respondents that prevented him from filing on time, or that there were "extraordinary circumstances" beyond his control that prevented timely filing of a petition. *Harris*, 209 F.3d at 330; *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).

The application of equitable tolling must be "guarded and infrequent" and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. Ignorance of the law is not a basis for equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Thus, Rhodes's self-represented status does not excuse him from the requirements of § 2244(d).

4

Lastly, Rhodes offers no credible claim of actual innocence. A federal habeas petitioner may assert a claim of actual innocence to overcome a procedural bar to review, *Schlup v. Delo*, 513 U.S. 298, 326 (1995), or to overcome the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations ("gateway actual innocence"). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). In order to present a credible gateway claim of actual innocence under *Schlup*, petitioners must present "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial." *Schlup* 513 U.S at 324. "A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror acting reasonably would have voted to find him guilty beyond a reasonable doubt." *Id.* at 329. Here, Rhodes has provided no new evidence in support of an actual innocence claim and fails to demonstrate that he meets the extraordinarily high threshold for overcoming the procedural bar to review and his Petition must be dismissed as time barred.

## III.   CERTIFICATE OF APPEALABILITY

When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a petition is denied on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Because Rhodes fails to satisfy this standard, the Court declines to issue a certificate of appealability. Rhodes may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

## IV.   CONCLUSION

For the foregoing reasons, the Court will deny Rhodes's Petition for Writ of Habeas Corpus and decline to issue a Certificate of Appealability. A separate Order follows.

10-28-2024
Date

LYDIA KAY GRIGGSBY
United States District Judge